IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES C. RIGDON,          )
                          )
     Plaintiff,           )
                          )
v.                        )
                          )
THE STATE OF GEORGIA BOARD )   CASE NO. CV406-240
OF REGENTS, ROBERT "TONY" )
O'NEAL, SHIRLEY GEIGER,   )
GEORGE WILLIAMS, JANE GATES, )
JOSEPH SILVER, RANDY GUNTER, )
and CARLTON BROWN,        )
                          )
     Defendants.          )
_____)

# ORDER

Before the Court are Defendants' Notice of Appeal and Motion to Stay Proceedings Pending Appeal. (Docs. 94 & 96.) Because the Court's June 27, 2008 Order held that Defendants are not entitled to qualified immunity, Defendants contend that their appeal is taken as a matter of right and that the appeal divests the jurisdiction of this Court. They ask for a stay pending appeal. After careful consideration, the Motion to Stay is **DENIED**.

An appeal on the issue of qualified immunity is generally a matter of right. As the Supreme Court has explained, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v.

Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)(emphasis omitted). Consequently, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Id. at 530.

Under Mitchell, however, a public official has a right to immediate appeal only "to the extent that [the district court's decision] turns on an issue of law." Id. A defense of qualified immunity involves two issues: (1) whether there is sufficient evidence to create a genuine issue of material fact regarding a constitutional violation, and (2) whether the defendant's conduct constitutes a violation of clearly established law. See Johnson v. Clifton, 74 F.3d 1087, 1090-91 (11th Cir. 1996). A public official only has a right to immediate appeal on the second issue, because it is the question of law that constitutes a final, collateral order. Id. at 1091.

When the question of law is appealable, "the first issue – the factual issue – may be addressed by an appellate court because it is a part of the core qualified immunity analysis." Id. (citing Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). If only the factual issue is appealed, however, then "the appellate court has no jurisdiction to hear the case." Id.

In this case, the Court held that Defendants are not entitled to qualified immunity on four claims: (1) employment termination on the basis of race, (2) expulsion from a public university on the basis of race, (3) retaliation for filing a discrimination lawsuit, and (4) expulsion from a public university without due process of law.

With respect to the first three claims, there is absolutely no colorable appealable issue regarding whether Plaintiff's allegations, if proven at trial, would constitute a violation of clearly established law. On the employment termination claim, the Court quoted an Eleventh Circuit opinion stating that "We need not engage in a lengthy discussion of the patently obvious illegality of racial discrimination in public employment . . . ." (Doc. 91 at 21)(quoting Smith v. Lomax, 45 F.3d 402, 407 (11th Cir. 1995). On the race-based expulsion claim, the Court summarily denied the qualified immunity defense in a footnote. (Doc. 91 at 28 n.9.) On the retaliation claims, the Court found that constitutional claims for retaliation "have been well-established since at least 1998, when the Eleventh Circuit explicitly held that retaliation claims are cognizable under § 1981." (Id. at 40.)(citing Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1413 (11th Cir. 1998)). The Court also cited the recent Supreme Court decision observing a "broad consensus" among Federal Courts of Appeals on this issue. (Doc.

91 at 40)(citing CBOCS West, Inc. v. Humphries, -- S. Ct. --, No. 06-1431, 2008 WL 2167860, at *7 (U.S. May 27, 2008).

With respect to the fourth claim, denial of due process, the Court explicitly recognized uncertainty about whether there is a clearly established due process right for expulsion from a public university. After a discussion of relevant Supreme Court case law, the Court denied Defendant's qualified immunity defense, stating:

> Although this Court acknowledges that a public university student has only the most minimal procedural due process right in continued enrollment, particularly where the dismissal was arguably academic, the Court holds that it is clearly established that a student cannot be expelled using a process that was intentionally biased against him and designed specifically for the purpose of expelling him on the basis of race.

(Id. at 34-35.) Therefore, the due process claim involves a debatable question of law and an issue for appeal.

The issue before the Court is whether the proceedings in this case should be stayed pending the outcome of Defendants' appeal. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir.

4

2004)(quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)(emphasis added)). It is proper, therefore, for the district court to stay proceedings pending appeal of a denial of immunity. Id. at 1252. But the district court may also "declare that the appeal is frivolous, and if it is the district court may carry on with the case." Id.

In this case, there is no colorable appealable issue on Plaintiff's primary claims: racial discrimination and retaliation.[1] Although there is an appealable issue on the due process claim, the Court finds that this claim is secondary to the other claims. At its core, this case is about racial discrimination and retaliation, not process. Indeed, the Court's denial of qualified immunity on the due process claim turned primarily on evidence that the process may have been rigged against Plaintiff for reasons of racial discrimination and retaliation. And in the Court's opinion, Defendants' appeal in this case has been taken primarily for the purpose of delay.

Accordingly, the Court holds that a stay of all proceedings in this case is unnecessary at this time. As the case moves forward, the Court will consider whether Defendants' appeal on

---

[1] Defendants also have no right to immediately the denial of summary judgment on the Title VII claims.

5

the due process issue requires a postponed trial date. But until that time, pretrial matters shall proceed.

The Motion to Stay is therefore **DENIED**. The August 8, 2008 deadline for submitting the proposed pretrial order is extended to **August 18, 2008.**

SO ORDERED this 4th day of August, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA